## LITTO v INTERSTATE MOTOR FREIGHT SYSTEM et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15651. Decided Dec 21, 1936

Harrison & Marshman, Cleveland, for plaintiff-appellee.

Klein & Diehm, Cleveland, and John H. McNeal, Cleveland, for defendant-appellant.

LEMERT, PJ, MONTGOMERY and SHERICK, JJ, (5th Dist) sitting by designation

## OPINION

By MONTGOMERY, J.

This cause comes into this court on an appeal on questions of law from a judgment rendered in the Court of Common Pleas upon a verdict awarding damages to the plaintiff below. The action arose over the collision between two Chevrolet tractors, each of which had a trailer attached, the collision occurring in Bay Village, Cuyahoga County, Ohio.

There are thirteen assignments of error, all of which have been considered but only

two of them seem to us to warrant any discussion. In the other eleven assignments we find no merit whatever.

The two propositions to which we direct attention arose in the course of the trial court's general charge to the jury. It became necessary to charge, and the court did charge under the provisions of §7249, GC. Subdivision 2 of this section is in the following language:

"For vehicles equipped with pneumatic tires designed for the transportation of property, whose maximum weight of vehicle and load is three tons and not more than six tons, fifteen miles an hour in the business and closely built up portions of municipal corporations, twenty miles an hour in other portions thereof, or twenty-five miles an hour outside of municipal corporations.

"For vehicles equipped with pneumatic tires designed for the transportation of property, whose maximum weight of vehicle and load is more than six tons, twelve miles an hour in the business and closely built up portions of municipal corporations, eighteen miles an hour in other portions thereof, or twenty miles an hour outside of municipal corporations."

The court correctly stated to the jury the rule of law as to what would be a proper and not excessive rate of speed for the defendant, in view of the evidence.

Thereafter the trial court proceeded in his charge as follows:

"What I told you ladies and gentlemen with reference to the rate of speed with regard to defendants' truck applies with reference to plaintiff's truck just as well, with one qualification. I told you that eighteen miles per hour prima facie would be a proper and not excessive rate of speed. As to plaintiff's truck, because its load was not as heavy, because it was not as heavy a vehicle, twenty miles per hour would be presumed to be a fair and proper but not excessive rate of speed, but bear in mind what I said to you, that the presumption is not conclusive, you must consider all of the circumstances and in connection with those circumstances then you must determine whether the rate of speed which you believe the evidence shows the plaintiff's truck was going was excessive or improper."

The court did not properly apply this section to the plaintiff, in view of the evidence. The truck of the plaintiff was carrying 253 bushels of pears. While there is no proof of the weight of these pears, knowledge common to all men would indicate with a fair degree of certainty, their weight and this weight added to that of the tractor and trailer manifestly exceeded six tons. However, there is no evidence to the effect that the rate of speed at which the plaintiff was operating his truck came within either one of these limitations. The only evidence offered upon the subject is to the effect that the plaintiff's truck was not speeding. It will be observed that the court in charging the jury with reference to the rate of speed permissible for the plaintiff, stated to the jury that "you must consider all the circumstances and in connection with those circumstances, then you must determine whether the rate of speed which you believe the evidence shows the plaintiff's truck was going was excessive or improper."

In view of the absence of any evidence tending to show that plaintiff's truck was being operated in violation of the provisions of this quoted statute, we fail to see in what respect the defendant below was prejudiced by this incorrect statement of the law.

The record shows that at the conclusion of the general charge to the jury, and after general exceptions had been taken to the charge, the following appears:

"Defendants except specifically to that portion of the court's charge to which the attention of the court was called at the conclusion of the entire charge, that if the evidence of the plaintiff raised a presumption of contributory negligence, it is the duty of the plaintiff to produce evidence that will counter-balance that presumption before he would be entitled to recover."

This is a correct statement of the law. However, a reading of the evidence adduced on behalf of the plaintiff below, fails to show any contributory negligence on his part and fails to raise any presumption of contributory negligence. The charge of the court on the question of contributory negligence was otherwise accurate, full and complete in every respect and in view of the state of the record we cannot find that it was erroneous for the court to fail to charge in the respect requested by appellant.

Finding no error in this record it follows

that the judgment of the Common Pleas Court will be affirmed.

LEMERT, PJ, and SHERICK, J, concur.